UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 05-989(RCL) |
| ) | ECF |
| MIKE JOHANNS, ) | |
| Secretary, Dept. of Agriculture, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS
FOR IMPROPER SERVICE OF PROCESS**

Defendant Mike Johanns, Secretary, Department of Agriculture, in his official capacity, hereby moves to dismiss the above-captioned action under Fed. R. Civ. P. 12(b)(5) for improper service of process.[1] In support of this Motion, Defendant refers the Court to the attached Memorandum of Points and Authorities.

Dated: September 6, 2005.

Respectfully Submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/ R. Craig Lawrence
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

---

[1]  Defendant is only making a limited appearance to contest proper service of process and does not waive any defenses under Fed. R. Civ. P. 12.

1

/s/
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 05-989(RCL) |
| | ) | ECF |
| MIKE JOHANNS, | ) | |
| Secretary, Dept. of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FOR IMPROPER SERVICE OF PROCESS

I.  Introduction

Defendant Mike Johanns, Secretary, Department of Agriculture, in his official capacity moves to dismiss for improper service of process under Fed. R. Civ. 12(b)(5). The Court should dismiss this case for improper service of process because *pro se* Plaintiff Juan Morgan failed to properly serve the United States Attorney's Office for the District of Columbia. See Fed. R. Civ. P. 4(i).

II.  Background

As far as Defendant can discern from *pro se* Plaintiff Juan Morgan's three-count Complaint, he is suing Defendant for alleged employment discrimination. The Complaint fails to cite to any statute in support of his allegations. In Count I, Mr. Morgan alleges that Defendant discriminated against him based on his race (Hispanic-African-American) when Defendant did

1

not give him "permanent status in the Foreign Service." Compl. at ¶ 14. Mr. Morgan also alleges hostile work environment in this Count. Id. at ¶ 13.

In Count II, Mr. Morgan alleges that certain individuals within the Department of Agriculture conspired against him and created a hostile work environment. Compl. at ¶¶ 24-25. In Count III, he alleges that certain Department of Agriculture's employees failed to comply with applicable guidelines when these employees purportedly denied him permanent appointment to the Foreign Service. Id. at ¶ 31.

Mr. Morgan alleges that he exhausted administrative remedies (Compl. ¶ 1) and is now suing in federal court to seek redress for alleged discrimination based on his race. He filed this lawsuit on May 17, 2005. Summons were issued on the same day. See Dkt. Rprt. The Docket Report indicates that he served the United States Attorney General and the U.S. Attorney's Office for the District of Columbia ("USAO-DC") on July 1, 2005. See Dkt. Nos. at 2 and 4. However, the Return of Service/Affidavit indicates that Mr. Morgan failed to serve the USAO-DC properly.

### III.   Argument

"A party can move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process." Johnson v. Ashcroft, 2005 WL 2073752 *2 (D.D.C. Aug. 17, 2005). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provisions of law." Id.

Fed. R. Civ. P. 4(i) sets forth certain requirements for service when the United States, its agencies, corporations, officers, or employees have been sued. Pursuant to Fed. R. Civ. P.

2

4(i)(1), service upon the United States must be effected by "delivering a copy of the summons and of the complaint to *the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of court* or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." Fed. R. Civ. P. 4(i)(1)(A) (emphasis added).[2] Upon effecting service, "the person effecting service shall make proof thereof to the court." Fed. R. Civ. P. 4(i)(l). Once the U.S. Attorney has been properly served, the United States must answer the complaint within 60 days. Fed. R. Civ. P. 12(a)(3)(A).

Here, Mr. Morgan has not satisfied these straight-forward requirements in serving the USAO-DC. See Gov. Exh. 2. The Return of Service indicates that "Scot Singleton"[3] – a process server – served the USAO-DC by delivering a copy of the summons and complaint to "Donna Dantzlen" (illegible) at "501 3rd St NW, W.D.C. 20001" on July 1, 2005. See Gov. Exh. 2. Apparently, this is the same "Donna Dantzlen" whom "Scot Singleton" also served with a summons and complaint at the United States Attorney General's office on July 1, 2005. Compare Gov. Exh. 1 with Gov. Exh. 2. Obviously, "Donna Dantzlen" could not have been at two places on that same day.

More importantly, there is no one at the USAO-DC with the name "Donna Dantzlen."

---

[2] Pursuant to Fed. R. Civ. P. 4(i)(1)(B), the plaintiff also must send a copy of the summons and the complaint "by registered or certified mail to the Attorney General of the United States." Mr. Morgan apparently satisfied this aspect of Rule 4(i) by serving "Donna Dantlzen" (illegible), as indicated on the Return Service. See Gov. Exh. 1. Since the name is illegible, Defendant cannot confirm whether "Donna Dantlzen" is actually qualified to accept service of process on behalf of the Attorney General.

[3] The name is illegible.

3

Furthermore, even if Ms. "Donna Dantzlen" exists, she is not authorized to accept service of process on behalf of the USAO-DC. Under these facts, Mr. Morgan simply failed to effectuate proper service of process on the USAO-DC as required by Rule 4(i). Accordingly, the Court should dismiss this case for improper service of process.

## IV. Conclusion

For the foregoing reasons, the Court should dismiss the above-captioned for improper service of process for failure to serve the United States Attorney's Office for the District of Columbia.

Dated: September 6, 2005.                    Respectfully Submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/
_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

/s/
_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 05-989(RCL) |
| | ) | ECF |
| MIKE JOHANNS, | ) | |
| Secretary, Dept. of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS**

Upon consideration of Defendant's Motion to Dismiss for Improper Service of Process and the entire record herein, it is this _____ day of _____, 2005,

ORDERED that Defendant's Motion to Dismiss for Improper Service of Process be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 6th of September, 2005, service of the foregoing Motion to Dismiss for Improper Service of Process and the Memorandum of Law and Authorities was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail to pro se plaintiff addressed as follows:

Mr. Juan Morgan
PSC 2, Box 2814
APO AA 34002


_____/s/_____
JOHN C. TRUONG
Assistant United States Attorney