UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MORGAN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 05-989(RCL) |
| ) | ECF |
| MIKE JOHANNS, ) | |
| Secretary, Dept. of Agriculture, ) | |
| ) | |
|    Defendant. ) | |
| _____) | |

**ANSWER TO COMPLAINT**

Defendant Mike Johanns, in his official capacity as Secretary of the United States Department of Agriculture, answers the Complaint filed by *pro se* Plaintiff Juan Morgan as follows:

1. Para. 1 is a legal statement on the Court's jurisdiction, to which a response is not necessary.

2. Para. 2 is a legal statement on the venue for this case, to which a response is not necessary.

3. Defendant admits that Plaintiff is Hispanic African-American and a citizen of the United States. Except for the foregoing specific admission, Defendant is without sufficient knowledge to admit or deny the remaining allegations and, therefore, denies them.

4. Defendant admits the first sentence of Para. 4. With regard to sentence two, Defendant admits that the individual identified in Para. 4 are Defendant's management staff. Except for the foregoing specific admission in the second sentence of Para. 4, Defendant denies

1

the remaining allegations in that the second sentence.

## First Cause of Action

5. Defendant reasserts all responses to each and every allegation set forth above.

6. Defendant admits the allegations in Para. 6.

7. Defendant denies the allegations in Para. 7.

8. Defendant denies the allegations in Para. 8.

9. Defendant admits the last sentence of Para. 9. Except for the specific foregoing admission, Defendant denies the remaining allegations in Para. 9.

10. Defendant denies the allegations in the first and fourth sentences of Para. 10. With regard to the second and third sentences, Defendant denies the allegations to the extent that it mischaracterizes APHIS Directive 4430.2. The Directives speaks for itself. With regards to the fifth sentence of Para. 10, Defendant admits that Plaintiff received one Annual Assignment and Achievement Expectations Letter before his first evaluation. Defendant further clarifies that Plaintiff did not receive further Annual Assignment and Achievement Expectations Letters because his job duties did not substantially change after receipt of the first letter. It is the normal pattern and practice of the office to only issue a new Annual Assignment and Achievement Expectations Letter when there is a change in the employee's job duties.

11. Defendant admits the allegations in Para. 11.

12. Defendant denies the allegations in Para. 12.

13. Defendant denies the allegations in Para. 13.

14. Defendant admits the first sentence of Para. 14. Defendant denies the allegations in the

second sentence of Para. 14. With regard to the third and fourth sentences, Defendant admits that Dr. Hoffmann wrote one of several evaluations of Plaintiff but denies the remaining allegations in these two sentences. With regard to the fifth and sixth sentences of Para. 14, Defendant is without sufficient information or knowledge and, therefore, denies them. Defendant denies the remaining allegations in Para. 14.

15. Defendant admits that Plaintiff was denied a career candidate appointment in the Foreign Service. Except for the foregoing specific admission, Defendant denies the remaining allegations in Para. 15.

16. Defendant denies the allegations in Para. 16.

17. Defendant denies the allegations in Para. 17.

18. Defendant denies the allegations in Para. 18.

19. With regard to the first sentence of Para. 19, Defendant admits that Plaintiff was offered a reassignment to a Civil Service Position in Riverdale, Maryland, but denies the remaining allegations in the sentence. With regard to the second sentence of Para. 19, Defendant is without sufficient information or knowledge to admit or deny the second sentence and, therefore, denies it. With regard to the third sentence of Para. 19, Defendant admits that Plaintiff resigned, but denies the remaining allegations in the sentence.

20. Defendant denies the allegations in the first sentence of Para. 20. The remaining allegations of Para. 20 are Plaintiff's prayer for relief, which requires no response, but to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by

42 U.S.C. § 1981a, and that exemplary damages may not be awarded in this action.

## Second Cause of Action

21. Defendant reasserts all responses to each and every allegation set forth e in Para. 1-20.

22. Defendant admits the allegations in Para. 22.

23. Defendant admits that Plaintiff filed EEO complaints alleging discrimination. Except for the foregoing specific admission, Defendant denies the remaining allegations in Para. 23.

24. Defendant denies the allegations in Para. 24.

25. Defendant denies the allegations in Para. 25.

26. Defendant denies the allegations in Para. 26.

27. Defendant denies the allegations in Para. 27.

28. Defendant denies the allegations contained in the clause of Para. 28. The remaining allegations of Para. 28 are Plaintiff's prayer for relief, which requires no response, but to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary damages may not be awarded in this action.

## Third Cause of Action

29. Defendant reasserts all responses to each and every allegation set forth e in Para. 1-28.

30. Defendant admits the allegations in Para. 30.

31. Defendant denies the allegations in Para. 31.

32. Defendant denies the allegations in Para. 32.

33. Defendant is without sufficient information and knowledge to admit or deny the

allegations in Para. 33 and, therefore, denies them.

34. Defendant denies the allegations in Para. 34.

35. The allegations of Para. 35 are Plaintiff's prayer for relief, which requires no response, but to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary damages may not be awarded in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust administrative remedies as to some or all of his claims.

## THIRD AFFIRMATIVE DEFENSE

The Court may lack subject matter jurisdiction over some or all of Plaintiff's claims.

WHEREFORE, having fully answered, Defendant respectfully requests the Court to enter a judgment.

    a. Dismissing the Complaint against Defendant with prejudice; and

    b. Award Defendant such other and further relief as the Court deems just, equitable and proper.

Dated: December 5, 2005.                    Respectfully Submitted,

          /s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


          /s/
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney


          /s/
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 5 , 2005, service of the foregoing Answer to Complaint was made via the Court's Electronic Case Filing System and by first class mail, with postage prepaid to pro se plaintiff addressed as follows:

> Mr. Juan Morgan
> PSC 2, Box 2814
> APO AA 34002

_____/s/_____
JOHN C. TRUONG
Assistant United States Attorney