UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: **05-989 (RCL)** |
| | ) |
| **MIKE JOHANNS**, *et al.* | ) |
| | ) |
| Defendants. | ) |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

**I.     Preliminary Issues**.

Plaintiff Juan Morgan is proceeding *pro se* in this action. On December 13, 2005, the Court ordered that the parties hold a Rule 16.3 conference on or before December 29, 2005. As explained in Defendant's first motion for an extension of time (Dkt. No. 11), the undersigned contacted Mr. Morgan in Panama City, Panama, in an attempt to engage him in the said conference. However, Mr. Morgan informed the undersigned that he is represented by counsel. He then provided the name of his lawyer (Mr. John McHugh) and the contact information. The undersigned immediately terminated that call and contacted Mr. McHugh to discuss the Rule 16.3 report.

McHugh indicated that he represented Mr. Morgan at the administrative level but he is not admitted to practice in this jurisdiction and, therefore, has not entered an appearance in this case. Mr. McHugh also indicated that he was in the process of obtaining local counsel to represent Mr. Morgan. As a result of that conversation, Defendant moved for a thirty-day extension of time for Mr. Morgan to obtain counsel. See Dkt. No. 11. The Court granted that motion and ordered the parties to confer on Rule 16.3 topics by January 30, 2006.

On that date, the undersigned again contacted Mr. Morgan in Panama City, Panama, to determine whether he has obtained local counsel. Mr. Morgan, again, referred the undersigned to Mr. McHugh. Similar to the previous conversation that the undersigned had with Mr. McHugh, he indicated that he was still trying to obtain counsel for Mr. Morgan. The undersigned informed Mr. McHugh of this Court's Order (Dkt. No. 12) requiring the parties to confer on Rule 16.3 topics. Mr. McHugh then gave the undersigned permission to talk to Mr. Morgan on these topics.

Out of an abundance of caution, the undersigned informed Mr. McHugh that the undersigned would not speak to Mr. Morgan again as he is a represented party and would only speak to Mr. Morgan if he initiates the contact. To date, Mr. Morgan has not contacted the undersigned to engage in the court-ordered Rule 16.3 conference. Therefore, Defendant is submitting this Rule 16.3 Report outlining its own positions on these Rule 16.3 topics, without having conferred with Mr. Morgan.

**II.      Statement of the Case.**

As best as Defendant can determine from Mr. Morgan's convoluted complaint, Mr. Morgan is bringing this Title VII case against the Department of Agriculture alleging that certain officials conspired against him and subjected him to a hostile work environment. Mr. Morgan also claims that these same officials somehow conspired against him to deny his application for a permanent appointment to the Foreign Service within the Department of Agriculture. Although Mr. Morgan's complaint sets forth three separate counts of discrimination, they appear to overlap.

**III.     Rule 16.3 Topics**

    1.     <u>Status of Dispositive Motions</u>.

Defendant believes that the complaint can be disposed of on summary judgment. Defendant intends to file such a motion at the close of discovery.

    2.     <u>Amended Pleadings</u>:

Defendant does not intend to amend the pleadings at this time.

    3.     <u>Assignment to Magistrate Judge</u>:

Defendant does not consent to the assignment of this case to a magistrate judge at this time.

    4.     <u>Settlement Possibility</u>:

Defendant does not believe that it would be beneficial to submit this case to mediation at this time. The undersigned discussed with Mr. McHugh the possibility of a settlement but it appears that the parties are too far apart on a number of issues for a compromise.

    5.     <u>Alternative Dispute Procedures</u>:

Defendant does not believe it would be beneficial to submit this case to ADR until the dispositive motion is resolved.

    6.     <u>Summary Judgement</u>:

Defendant believes that this case can be disposed of by summary judgment and Defendant will file such a motion after the close of discovery. Defendant proposes that dispositive motions be due 45 days after the close of discovery. Mr. Morgan can have up 30 days to file any oppositions, and Defendant has up 20 days to file any replies.

    7.     <u>Initial Disclosures</u>:

Defendant proposes that the parties exchange Initial Disclosures 30 days after the Court

issues a Scheduling Order in this case.

8. <u>Discovery</u>.

Defendant proposes that discovery closes 180 days after the Court issues a Scheduling Order in this case.

9. <u>Experts</u>:

Defendant does not anticipate submitting an expert report at this time. However, if it becomes necessary to do so, Defendant proposes that the parties submit a proposed schedule on the exchange of expert reports and depostions 60 days after the Court issues a Scheduling Order in this case.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:

Defendant does not now see any need for bifurcation.

12. <u>Proposed Date For The Pretrial Conference</u>:

Defendant proposes that the Court set a Pretrial Conference after the resolution of Defendant's summary judgment motion.

13. <u>Trial Date</u>:

Defendant proposes that the Court set a trial date at the Pretrial Conference.

Dated: February 13, 2006.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　KENNETH L. WAINSTEIN, D.C. BAR #451058
　　　　　　　　　　　　　　　　　　　　United States Attorney

          /s/
R. CRAIG LAWRENCE, D.C. BAR #483789
Assistant United States Attorney

          /s/
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 13, 2006, service of the foregoing Defendant's Rule 16.3 Statement was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail to pro se plaintiff addressed as follows:

>Mr. Juan Morgan
>PSC 2, Box 2814
>APO AA 34002

/s/
JOHN C. TRUONG
Assistant United States Attorney